IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT |
| FC HIGHLANDS, LLC, THE HIGHLANDS OF MEMPHIS, LLC f/d/b/a HIGHLANDS OF MEMPHIS HEALTH & REHAB, ARIA HEALTH GROUP, LLC, SKYLINE MANAGEMENT GROUP, LLC, and SKYLINE OF MEMPHIS HEALTHCARE AND REHABILITATION CENTER, LLC, d/b/a THE HIGHLANDS OF MEMPHIS and NORRISWOOD CARE & REHAB CENTER, LLC | ) | JURY TRIAL DEMAND |
| Defendants. | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12112, and Title I of the Civil Rights Act of 1991 (CRA), to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Evelyn Williams (Williams), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity in paragraph(s) 28 and 32 below, Plaintiff Equal Employment Opportunity Commission claims Defendants FC Highlands, LLC, (FC Highlands), The Highlands of Memphis, LLC f/d/b/a Highlands of Memphis Health & Rehab (Highlands), Aria Health Group, LLC (Aria), Skyline Management Group, LLC (Skyline Management) and Skyline of Memphis Healthcare and Rehabilitation

Center, LLC, currently d/b/a The Highlands of Memphis and Norriswood Care and Rehab Center, LLC (Skyline Healthcare) (collectively, Defendant Employer) violated the ADA when they: (1) failed to make a reasonable accommodation to the disability of Williams by refusing to grant her leave while she recuperated from her disability; and (2) discharged Williams because of her disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant FC Highland has continuously been a foreign limited liability companies doing business in the State of Tennessee and the City of Memphis, and continuously had at least fifteen employees.

5. At all relevant times, Defendant FC Highlands has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant FC Highlands has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Highlands has continuously been a domestic limited liability company doing business in the State of Tennessee and the City of Memphis, and continuously had at least fifteen employees until sometime between January and April of 2017, when Defendant Skyline Healthcare replaced it as the owner and licensed operator of the business/nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111.

8. Prior to sometime between January and April 2017, Defendant Highlands has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

9. Prior to sometime between January and April 2017, Defendant Highlands has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Defendant Aria, has continuously been foreign limited liability company doing business in the State of Tennessee and the City of Memphis, and continuously had at least fifteen employees until sometime between January and April of 2017, when Defendant Skyline Management replaced it as the manager of the business/nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111.

11. Prior to sometime between January and April 2017, Defendant Aria has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

12. Prior to sometime between January and April 2017, Defendant Aria has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

13. Since sometime between January and April of 2017 when it became the new manager of the nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111, Defendant Skyline Management has continuously been foreign limited liability company doing business in the State of Tennessee and the City of Memphis, and continuously had at least fifteen employees. Defendant Skyline Management is a successor employer that is liable for the unlawful employment practices of its predecessor, Defendant Aria.

14. Since at least sometime between January and April 2017, Defendant Skyline Management has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

15. Since at least sometime between January and April 2017 Defendant Skyline Management has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

16. Since sometime between January and April of 2017, when it became the new licensed owner and operator of the nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111, Defendant Skyline Healthcare has continuously been a Tennessee limited liability company doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees. Defendant Skyline is a successor employer that is liable for the unlawful employment practices of its predecessor, Defendant Highlands.

17. Since at least sometime between January and April 2017, Defendant Skyline Healthcare has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

18. Since at least sometime between January and April 2017 Defendant Skyline Healthcare has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

19. Prior to sometime between January and April 2017, Defendants FC Highlands, Highlands, and Aria jointly operated the nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111, under the name The Highlands of Memphis.

20. Since at least sometime between January and April 2017, Defendants FC Highlands, Skyline Management, and Skyline Healthcare jointly operated the nursing facility located at 3549 Norriswood Avenue, Memphis, Tennessee 38111, under the name The Highlands of Memphis.

## ADMINISTRATIVE PROCEDURES

21. More than thirty days prior to the institution of this lawsuit, Evelyn Williams filed a charge with the Commission alleging violations of the ADA by Defendant Highlands.

22. On September 29, 2017, the Commission issued to Defendant Highlands a Letter of Determination finding reasonable cause to believe Defendant Highlands violated the ADA and invited Defendant Highlands to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

23. The Commission engaged in communications with Defendant Employer to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

24. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

25. On December 21, 2017, the Commission issued a Notice of Failure of Conciliation.

26. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

I. FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

27. Since at least April 2014, Defendant Employer has engaged in unlawful employment practices, in violation of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(5)(A), and (b)(5)(B).

28. The unlawful employment practices include failing to provide a reasonable accommodation to Williams, a qualified individual with a disability during her employment, because of her disability.

a. Williams is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102(2) and 12111(8). Williams has an impairment, heart condition, that substantially limits major life activities, cardiovascular and circulatory functions.

b. Defendant Employer hired Williams as a Licensed Practical Nurse on or around May 2, 2011.

c. In October 2011, Defendant Employer promoted Williams to Night Time Weekend Supervisor.

d. As the Weekend Supervisor, Williams worked the 7:00 p.m. to 7:00 a.m. shift on Saturdays and Sundays.

e. Williams picked up additional non-supervisory shifts during the remainder of the week if Defendant Employer needed additional help and she was available.

f. Williams was scheduled to work a non-supervisory shift on April 16, 2014.

g. Williams, however, did not report to work on April 16, 2014 because she suffered a heart attack/myocardial infarction and was admitted to the hospital.

h. On or about April 17, 2014, while still in the hospital, Williams informed the Director of Nursing that she suffered a heart attack and would not be available to work the upcoming weekend, April 19th and 20th.

i. Williams was discharged from the hospital on April 18, 2014, with a return to work date of April 28, 2014.

j. On or about April 19, 2014, Williams advised the Day Shift Weekend Supervisor that she would not be available to work that day because she had a heart attack.

k. On or about April 21st, Williams went to Defendant Employer's facility and tried to meet with Defendant Employer's Human Resources Representative to discuss using sick leave time and to hand-deliver her hospital release documents.

l. The Human Resources Representative refused to accept the hospital documents; informed Williams that Defendant Employer had terminated her employment; and handed Williams a separation notice.

m. Defendant Employer failed to attempt to engage in an interactive process with Williams to identify an accommodation of her disability.

n. Defendant Employer failed to provide Williams with a reasonable accommodation of her disability.

o. Defendant Employer refused to excuse Williams' absences as a reasonable accommodation under the ADA on April 19th and 20th.

p. Defendant Employer also refused to provide Williams with additional leave time to recuperate from the heart attack as a reasonable accommodation under the ADA.

29. Defendant Employer's failure to grant Williams a reasonable accommodation resulted in her eventual discharge, as alleged below in paragraph 32.

30. The effect of the practices complained of in paragraph 28 above has been to deprive Evelyn Williams of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

II. DISCHARGE BECAUSE OF KNOWN DISABILITY

31. Since at least April 2014, Defendant Employer has engaged in unlawful employment practices, in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

32. The unlawful employment practices include discharging Williams because of her disability.

a. The Commission incorporates by reference paragraphs 28 a - p.

b. Williams has an impairment, heart condition.

c. Williams has received treatment for her impairment.

d. Williams' heart condition substantially limits her cardiovascular and circulatory functions.

e. After Williams suffered a heart attack, but before she missed her supervisory weekend shift, Williams informed the Director of Nursing and the Day Shift Weekend Supervisor about her condition.

f. Then Williams went to Defendant Employer's facility and tried to meet with Defendant Employer's Human Resources Representative to discuss using sick leave time and to hand-deliver her hospital release documents.

g. The Human Resources Representative refused to accept the hospital documents from Williams; informed Williams that Defendant Employer had terminated her employment; and handed Williams a separation notice.

h. Defendant Employer refused to excuse Williams absences on April 19th and 20th as a reasonable accommodation under the ADA.

i. Defendant Employer also refused to provide Williams with additional leave time to recuperate from the heart attack as a reasonable accommodation under the ADA.

j. Defendant Employer discharged Williams because of her disability.

33. The effect of the practices complained of in paragraph(s) 28 and 32 above has been to deprive Evelyn Williams of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

34. The unlawful employment practices complained of in paragraphs 28 and 32 above were intentional.

35. The unlawful employment practices complained of in paragraphs 28 and 32 above were done with malice or with reckless indifference to the federally protected rights of Williams.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

failing to provide reasonable accommodations to disabled employees, and from discharging employees because of their known disabilities.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, that eradicate the effects of its past and present unlawful employment practices, and that prohibit Defendant Employer from failing to provide reasonable accommodations to disabled employees, and from discharging employees because of their known disabilities.

C. Order Defendant Employer to make whole Williams and other qualified individuals with disabilities whom Defendant Employer denied a reasonable accommodation and/or suspended or discharged because of their disability, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Williams and other qualified individuals with disabilities whom Defendant Employer denied a reasonable accommodation and/or suspended or discharged because of their disability by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 28 and 32 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Williams and other qualified individuals with disabilities whom Defendant Employer denied a reasonable accommodation and/or suspended or discharged because of their disability by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 28 and 32 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Williams and other qualified individuals with disabilities whom Defendant Employer denied a reasonable accommodation and/or suspended or discharged because of their disability punitive damages for its malicious and reckless conduct, as described in the foregoing paragraphs, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**JAMES L. LEE**
Acting General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/*Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/*Markeisha K. Savage*
**MARKEISHA K. SAVAGE**
Trial Attorney
TN Bar No. 024693
Telephone (901) 544-0133
markeisha.savage@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office

1407 Union Avenue
Memphis, TN 38104